**STATE OF MONTANA,**
**Plaintiff,**                                   **No. DC-03-204**
**vs.**                                          **Decision**
**TWILA L. HALLFORD,**
**Defendant.**

On September 27, 2004, the defendant was sentenced to the following: Charge I: *Count 1*: Ten (10) years in the Montana Women's Prison; *Count 2*: Ten (10) years in the Montana Women's Prison, to run consecutively with Count 1, for the offense of two Counts of Theft by Embezzlement, a felony; Charge II: Twenty (20) years in the Montana Women's Prison, all suspended, to run consecutively to Counts 1 and 2 of Charge I, for the offense of Forgery, a felony; Charge III: Ten (10) years in the Montana Women's Prison, all suspended, to run consecutively to Charge II, for the offense of Deceptive Practices, a felony; and Charge IV: Ten (10) years in the Montana Women's Prison, with all time suspended, to run concurrently with Charge III, for the offense of Theft, a felony.

On April 1, 2005, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by David Stenerson. The state was represented by Bill Fullbright.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly excessive, in light of the defendant's first felony conviction and sentences for similar crimes around the state.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended as follows: *Count 1*: A commitment of Ten (10) years to the Department of Corrections, with Seven and a half (7.5) years suspended; *Count 2*: A commitment of Ten (10) years to the Department of Corrections, with Seven and a half (7.5) years suspended, to run consecutively with Count 1; Charge II: A commitment of Twenty (20) years to the Department of Corrections, all suspended, to run consecutively to Counts 1 and 2 of Charge I; Charge III: A commitment of Ten (10) years to the Department of Corrections, all suspended, to run consecutively to Charge II; and Charge IV: A commitment of Ten (10) years to the Department of

Corrections, with all time suspended, to run concurrently with Charge III. The restitution requirements, terms and conditions shall remain the same as imposed in the September 27, 2004 Judgment

Done in open Court this 1st day of April, 2005.

DATED this 13th day of April, 2005.

Chairperson, Hon. Gary L. Day, Member, Hon. John Whelan and Member, Hon. Randal I. Spaulding